**UNITED STATES  DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | | |
|---|---|---|
| THOMAS FITTS, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF GRANT PARK, | ) | |
| FRED J.R. MEYER, in his individual | ) | Case No. 09-2323 |
| capacity; and | ) | |
| TIMOTHY SWANSON, in his individual | ) | |
| capacity, | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

In December 2009, Plaintiff Thomas Fitts filed a Complaint (#1) against Defendants Village of Grant Park, Fred "J.R." Meyer, and Timothy Swanson.  In March 2010, Plaintiff filed an Amended Complaint (#14) alleging discrimination against Plaintiff based on his political affiliation in violation of the First Amendment of the United States Constitution.  Additionally, Plaintiff alleges state law claims of breach of oral contract and unjust enrichment.  Federal jurisdiction is based on 28 U.S.C. § 1331 because Plaintiff alleges a constitutional violation.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

In April 2010, Defendants filed a Motion To Dismiss Amended Complaint (#18).  In May 2010, Plaintiff filed a Response to Defendants' Motion To Dismiss Amended Complaint (#20), and a Memorandum of Law In Opposition to Motion To Dismiss Amended Complaint (#21).  After reviewing the parties' memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Amended Complaint **(#18)** be **DENIED**.

## I.  Background

The following background is taken from Plaintiff's amended complaint:  Defendant Village of Grant Park (hereinafter "Village") is a municipality incorporated under the laws of the State of Illinois.  Defendant Fred "J.R." Meyer is the Village mayor.  Defendant Timothy Swanson is chief of police for the Village.  Plaintiff began working for the Village as a full-time

police officer in June 1996.  By January 2002, Plaintiff had risen to the rank of lieutenant and in June 2008, he was appointed interim chief of police; a position he held until May 2009.  He received no pay increase for his new duties or responsibilities.  In January 2009 and February 2009, Robert Schurman, who was mayor at that time, and Warren Wessman, a Village trustee, advised Plaintiff that he would receive $5,000 for his services as interim police chief.  In May 2009, Plaintiff stepped down as interim chief of police.  In the same month, Defendant Meyer was sworn in as mayor.

In September 2009, Plaintiff called in sick in compliance with sick leave protocol.  He was subsequently removed from the work schedule.  In that same month, Defendants Meyer and Swanson demoted Plaintiff from lieutenant to patrolman and decreased his pay from $18.84 per hour to $12.50 per hour.  In October 2009, Plaintiff returned to work for the police department with reduced hours.  Plaintiff alleges that he was demoted because he supported Meyer's political opponent, Robert Schurman, in the 2009 mayoral race.  Plaintiff had ties with Schurman that included appearing at political events, attending golf outings, and personally driving Schurman to City Hall on election night to view the results.  He also provided financial support for Schurman's campaign.

In compliance with Village practice, in April 2009, Plaintiff demanded compensation for 45 unused sick days.  In June 2009, Plaintiff made the same demand to interim police chief Ken McCabe.  Two months later, Plaintiff made again demanded compensation, this time to Defendant Timothy Swanson, the police chief.  Plaintiff has never received compensation for his service as interim police chief or for the 45 unused sick days.

In Count I, which appears to be against all Defendants, Plaintiff alleges that Defendants discriminated against him based on political affiliation in violation of the First Amendment when they demoted him from lieutenant to patrol officer.  In Count II against Defendant Village, Plaintiff alleges breach of oral contract for failure to compensate him for 45 unused sick days

and for his services as interim chief of police.  In Count III, Plaintiff alleges unjust enrichment against the Village because the Village benefitted from Plaintiff's work as interim chief of police from June 2008 to May 2009.

## II.  Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  To state a claim under federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The complaint must give fair notice of what the claim is and the grounds upon which it rests.  *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).  However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Seventh Circuit court recently summarized the notice pleading analysis in *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  First, a plaintiff must provide notice to defendants of the claims.  Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim.  Third, in considering a plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings.  *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  The Court must treat all well-pleaded factual allegations in

the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it contains either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atl.*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Legal conclusions, unsupported by allegations of underlying facts, are not entitled to "the assumption of the truth." *Id.* at 1950. Finally, a plaintiff can allege himself out of a claim by including allegations that establish his inability to state a claim. *Head v. Chi. Sch. Reform Bd. of Trs.*, 225 F.3d 794, 801-02 (7th Cir. 2000); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

Application of the notice pleading standard is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). "In other words, the height of the pleading requirement is relative to circumstances." *Id.; Concentra*, 496 F.3d at 782 ("the type of facts that must be alleged depend upon the legal contours of the claim").

### III.  Analysis

Defendants argue that the Court should dismiss the case because:  (1) Plaintiff's First Amendment claim in Count I lacks a basis in the law; (2) Plaintiff fails to state a claim for breach of oral contract in Count II; and (3) the claim of unjust enrichment in Count III fails for the same reasons as the breach of contract claim.

### A.  Count I:  First Amendment Retaliation

Defendants argue that the Court should dismiss Count I because Plaintiff failed to state a First Amendment violation.  Alternatively, Defendants argue that the doctrine of qualified immunity bars Plaintiff's claim.

Defendants first argue that Plaintiff's claim is unsupported by law.  In support of this argument, Defendants rely on *Dimmig v. Wahl*, in which the Seventh Circuit held that no First Amendment violation occurred where a sheriff fired a deputy for lack of political support. *Dimmig v. Wahl*, 983 F.2d 86, 87 (7th Cir. 1993).  The court found that the deputy's refusal to campaign for the sheriff was an action that could hinder the "effective performance of the department," and stated that "deputy sheriffs operate with a sufficient level of autonomy and discretionary authority to justify a sheriff's use of political considerations when determining who will serve as deputies."  *Id*. (citing *Upton v. Thompson*, 930 F.2d 1209 (7th Cir. 1991)).

In *Zorzi v. County of Putnam*, the Seventh Circuit court answered a question similar to the one in *Dimmig*, but instead of a sheriff and his deputy, the employment controversy concerned a sheriff's firing of a dispatcher.  *Zorzi v. County of Putnam*, 30 F.3d 885 (7th Cir. 1994).  In that case, the court stated that "[p]arty affiliation is an appropriate job requirement where the position held by the individual authorizes, either directly or indirectly, meaningful input into government decision making on issues where there is room for principled disagreement on goals or their implementation."  *Id.* at 892.  The court concluded that dispatchers do not set or implement policy, therefore party affiliation "is not an appropriate job requirement."  *Id.*

Plaintiff responds that he has adequately pled a claim based on notice pleading standards. *See Bell Atl.*, 550 U.S. at 547 ("[T]he Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").  Plaintiff cites case law recognizing that state discrimination in hiring based on political affiliation is not permitted and violates an individual's right to associate with whichever political party he chooses.  *See Rutan v. Republican Party of Ill.*, 497 U.S. 62, 64 (1990).  However, *Rutan* also acknowledged an exception to this premise when party affiliation is an appropriate requirement for a particular position.  *Id.*

Here, Plaintiff alleged that Defendants demoted him to patrol duty from the rank of lieutenant because he supported the losing mayoral candidate.  Both *Dimmig* and *Zorzi* indicate that an adverse employment action based on party affiliation might not violate the First Amendment if the affected employee has a certain level of autonomy and discretionary authority or meaningful input into government decision making.  *Dimmig* involved a sheriff and a sheriff's deputy, while Plaintiff's claim involves a mayor and police chief who purportedly discriminated against a police officer.  These parties are different enough that the Court cannot conclude as a matter of law that *Dimmig* mandates dismissal of Plaintiff's claim in Count I.  Furthermore, based on the allegations in the complaint, it is not clear what comprises the duties of a police lieutenant for the Village.  Therefore, the Court cannot determine at this time whether Plaintiff's support of Mr. Schurman was an action that could hinder the "effective performance of the department," or whether police lieutenants "operate with a sufficient level of autonomy and discretionary authority" to justify the use of political considerations when determining who will serve as police lieutenants.  *See Dimmig*, 983 F.2d at 87.  Accordingly, the Court recommends denying the motion to dismiss Count I on this basis.

Defendants also argue that they are protected by the qualified immunity doctrine. Qualified immunity protects state actors from civil liability when they perform a discretionary function, unless their acts violate clearly established constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 801 (1992).

The Court recognizes that a qualified immunity determination should be made as soon as possible.  *See Auriemma v. Rice*, 910 F.2d 1449, 1452 (7th Cir. 1990).  Nevertheless, in many cases, the "existence of qualified immunity will depend on the particular facts of a given case. In those cases, the plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity."  *Jacobs v. City of Chi.*, 215 F.3d 758, 765 n.3 (7th Cir. 2000).  That is the situation here.  Defendants contend that dismissal based on qualified immunity is appropriate because it has not been clearly established that Plaintiff's position is protected from termination based on political reasons.  However, the Court must rely solely on Plaintiff's allegations at this point.  Based only on the allegations in the complaint, the Court

cannot determine at this stage whether Defendants are protected by qualified immunity. Accordingly, the Court recommends denying Defendants' motion to dismiss based on their qualified immunity argument.

### B.  Count II:  Breach of Contract

Defendants argue that Plaintiff failed to state a claim in Count II because he failed to allege that the Village authorized funds to pay Plaintiff $5,000 for his work as interim police chief or for the 45 unused sick days.  Defendants also argue that they are immune based on the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2-106 and 10/2-10).

Plaintiff responds that he has adequately alleged a claim because he alleged that Defendants made him a nongratuitous offer and he accepted this offer as compensation for his services as interim police chief.  Plaintiff also alleges that he was promised compensation in accordance with the Village's practice of cash compensation for unused sick days.  (#14, ¶ 31.) Plaintiff contends that these allegations are adequate to state a claim.  *See Bell Atl.*, 500 U.S. at 545.

Defendants' argument regarding appropriations challenges the existence of the contract. When considering a motion to dismiss, the Court must "treat well-pleaded allegations in the complaint as true."  *McMillan*, 455 F.3d at 758.  At this stage, Plaintiff is not required to prove his claim, nor is he required to state all facts involved in the claim.  Here, Plaintiff has alleged the existence of a contract and alleged that Defendants failed to honor it.  Under liberal notice pleading standards, this is adequate to state a claim and the Court recommends denying Defendant's motion to dismiss Count II.

Defendants also states that, pursuant to 745 ILCS 10/2-106  and 745 ILCS 10/2-210, respectively, a local public entity is not liable for injury caused  by an oral promise of its employee and a public employee acting in the scope of his employment is not liable for injury caused when he provides information orally or in writing.  Defendants have not developed these

arguments regarding statutory immunity, nor has Plaintiff responded to the arguments.
Therefore, the Court will not consider them at this time.

### C.  Count III:  Unjust Enrichment

Defendants next argue that the Court should dismiss Count III based on the same legal authority they relied on regarding Count II.  In support, Defendants cite a case in which the court decided that a contract made by a city without proper appropriation of funds could not be enforced by estoppel or ratification.  *Klekamp v. City of Burbank*, 639 N.E.2d 241, 244 (Ill. App. Ct. 1994) (citing *Jordan v. Civil Serv. Comm'n*, 617 N.E.2d 142 (Ill. App. Ct. 1993)).  In that case, the court granted summary judgment in favor of the city on the grounds that the city had not appropriated money to pay the plaintiffs.  *Klekamp* addresses appropriation of funds in the context of a summary judgment motion; furthermore, it addresses a breach of contract claim, not an unjust enrichment claim.  For these reasons, it does not support Defendants' argument as to Count III.

Under Illinois law, unjust enrichment is an equitable claim based on a quasi-contract theory.  *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp. 2d. 619, 622 (N.D. Ill. 2008).  This quasi-contract theory permits courts to imply the existence of a contract where none exists to prevent unjust results.  *Id.*

Here, Plaintiff alleges that he worked as interim police chief for 11 months and received no compensation for his services, even though the mayor and Village trustee promised him $5,000 for his work.  Based on liberal notice pleading standards, Plaintiff has alleged enough to put Defendants on notice of the grounds for his claim.  Accordingly, the Court recommends denying Defendants' motion to dismiss Count III at this time.

### IV.  Summary

For the reasons set forth above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Amended Complaint **(#18)** be **DENIED.**

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir.  1986).

ENTER this 14th day of July, 2010.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE