## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **THOMAS FITTS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 09-CV-2323** |
| ) | |
| **VILLAGE OF GRANT PARK, FRED 'J.R.'** ) | |
| **MEYER, in his individual capacity, and** ) | |
| **TIMOTHY SWANSON, in his individual** ) | |
| **capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>OPINION</u>

This case is before the court for ruling on the Bill of Costs (#37) filed by Defendants, the Village of Grant Park, Fred 'J.R.' Meyer, and Timothy Swanson. This court has carefully considered Defendants' Bill of Costs and supporting documentation, the Objections (#41) filed by Plaintiff, Thomas Fitts, and Defendants' Response (#42). Following this careful and thorough consideration, Defendants' Bill of Costs (#37) is ALLOWED.

### BACKGROUND

On February 10, 2011, this court entered an Opinion (#35) and granted Defendants' Motion for Summary Judgment. This court considered all of the documentation provided by the parties, including numerous deposition transcripts, and concluded that Plaintiff had not shown that there was a genuine dispute of material fact as to any of his claims which would require a trial. This court therefore concluded that Defendants were entitled to summary judgment on all three of Plaintiff's claims. Accordingly, Judgment (#36) was entered in favor of Defendants.

### BILL OF COSTS

On February 15, 2011, Defendants filed a Bill of Costs (#37), with attached documentation, and sought $1,226.65 in costs. Defendants sought $1,152.25 for deposition transcripts and $74.40 for the cost of making copies. Defendants attached the invoices for the deposition transcripts of Plaintiff, Robert Schurman, Warren Wessman, Patricia Loitz, Michael Dietchweiler, and Defendants Frederick Meyer and Timothy Swanson. Defendants also stated that they incurred $74.40 in costs making copies of materials necessarily obtained for use in the case. They stated that they copied 496 pages at $.15 per page.

On February 17, 2011, Plaintiff filed Objections to Defendants' Bill of Costs (#41). Plaintiff argued that Defendants overcharged for deposition transcripts and did not provide adequate information regarding the documents that were copied. Plaintiff also asked this court to stay Defendants' Bill of Costs pending appeal. On February 23, 2011, Defendants filed a Response to Plaintiff's Objections (#42). Defendants argued that the amount paid for deposition transcripts was reasonable based upon the customary charges of court reporters in this area. Defendants also argued that Plaintiff's challenge to the charge for condensed transcripts was without merit because the charge was the same for condensed transcripts, mini-scripts or full-page transcripts. Defendants also argued that ruling on the Bill of Costs should not be stayed because no appeal has been filed and, in any case, the case law cited by Plaintiff did not support his argument that the issue of costs should be stayed.

ANALYSIS

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has stated that there is, therefore, a presumption that the prevailing

party will recover costs. See Beamon v. Marshall & Ilsley Tr. Co., 411 F.3d 854, 864 (7th Cir. 2005). "District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). The presumption in favor of awarding costs is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs. Weeks, 126 F.3d at 945; Bell v. Osafo, 2010 WL 4338651, at *1 (C.D. Ill. 2010). Generally, a court may deny costs for two reasons: 1) because the losing party is unable to pay; and 2) because the prevailing party engaged in misconduct. Bell, 2010 WL 4338651, at *1, see also Weeks, 126 F.3d at 945.

However, in taxing costs, this court must consider whether the costs requested are recoverable and whether the costs requested are both reasonable and necessary. See Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998). Allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Republic Tobacco Co. v. N. Atl. Trading Co., 481 F.3d 442, 447 (7th Cir. 2007). "Costs should generally be accepted so long as they fall into one of the categories of costs statutorily authorized for reimbursement." Horizon Hobby, Inc. v. Ripmax Ltd., 2009 WL 3381163, at *3 (C.D. Ill. 2009), aff'd 397 F. Appx. 627 (Fed. Cir. 2010).

In this case, this court concludes that the costs requested for deposition transcripts and for copies fall within the categories of costs statutorily authorized for reimbursement. See Cengr, 135 F.3d at 454, citing 28 U.S.C. § 1920(2) & (4). This court also concludes that Defendants have adequately shown that these costs were both reasonable and necessary for the litigation. This court specifically agrees with Defendants that the deposition costs were necessarily incurred in this litigation because the transcripts were submitted in connection with Defendants' Motion for

3

Summary Judgment. This court relied upon the deposition transcripts in ruling on the Motion. This court further concludes that $74.40 in copying costs is reasonable in this case.

This court also agrees with Defendants that there is no basis for staying its ruling on the Bill of Costs. First of all, no appeal has yet been filed. Moreover, even assuming Plaintiff will be filing a notice of appeal in the near future, costs are appealable separately from the merits, and a district court may award costs even while a substantive appeal is pending. <u>Lorenz v. Valley Forge Ins. Co.</u>, 23 F.3d 1259, 1260 (7th Cir. 1994); <u>see also</u> <u>Kusay v. United States</u>, 62 F.3d 192, 194 (7th Cir. 1995); <u>Barton v. Zimmer, Inc.</u>, 2010 WL 2541707, at *1 (N.D. Ind. 2010). The stronger weight of authority counsels against postponing awarding costs until after the appeal is decided and instead supports an expeditious ruling on costs. <u>Barton</u>, 2010 WL 2541707, at *1, <u>citing</u> <u>Terket v. Lund</u>, 623 F.2d 29, 34 (7th Cir. 1980).

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Bill of Costs (#37) is ALLOWED.

(2) Defendants are awarded costs in the total amount of $1,226.65.

ENTERED this 1st day of March, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE